HENRY M. STEELE, PLAINTIFF, *v.* WILLIAM P. TAFT AND THEODORE PERKINS, DEFENDANTS.

*Sale of goods—what is sufficient to constitute a valid one—when the memorandum of it need not be signed by both parties.*

MOTION by the plaintiff for a new trial on exceptions taken at the Ontario Circuit, and ordered to be heard at the General Term in the first instance.

The action was brought to recover damages for the conversion of certain articles of personal property which the plaintiff claimed

under a chattel mortgage, executed to him by Lewis G. Steele on January 25, 1877. The defendants claimed to have purchased the property of Steele prior to the execution of the mortgage. The jury found for the defendants.

The evidence of the defendants' title was a writing, termed a bill of sale, signed by Steele, stating that the defendants had bought of him certain articles, therein separately specified with their prices, being the property in suit, and that he had received payment " by indorsement on bill of stock." It was proved that on June 20, 1876, the defendants, being engaged at East Bloomfield in the manufacture of grain drills and other articles, sold their stock to the said Lewis G. Steele for the sum of $823.81, and executed and delivered to him a bill of sale thereof. At the time of the defendants' purchase in January, 1877, the amount of the purchase, being the sum of $627, was indorsed on said bill of sale of June, 1876. Steele produced the bill of sale at the time of the indorsement, and after the indorsement was made, it was delivered by the defendants to Steele and he retained it and executed to the defendants the bill of sale of the property in suit. There was evidence tending to show that the property sold to the defendants was pointed out and accepted by them at the time, and that it was left at Steele's place of business, for the purpose of having it finished, as he undertook to do, upon the employment of the defendants.

The court, at General Term, said : " Here, then, was a concurrence of all the elements necessary to constitute a valid contract at common law, according to Comyn's analysis. (Comyn on Contr., 2 ; *Justice* v. *Lang*, 42 N. Y., 493, 497, per LOTT, J.) There was also enough to take the agreement out of the statute of frauds, to wit : a memorandum of the agreement, in writing, subscribed by the party to be charged therewith. (*Davis* v. *Shields*, 26 Wend., 341.) It was not necessary that the memorandum should be signed by the purchasers as well as the seller. Both parties having assented to the agreement evidenced by the memorandum, it is obligatory upon the party by whom it was subscribed. (*Davis* v. *Shields, supra.*) The memorandum imports an executed sale for an executed consideration. The consideration was the discharge of a pre-existing indebtedness, and the discharge was consummated at the time, by crediting the amount of the sale upon the " bill for stock" held by

Steele. The title to the property passed at the time of the execution of the bill of sale, there being evidence in the case tending to show that the property was then present, and pointed out, and accepted by the purchaser."

*Metcalf & Field,* for the plaintiff.

*Edwin Hicks,* for the defendants.

Opinion by SMITH, J.; TALCOTT, P. J., and HARDIN, J., concurred.

New trial denied, and judgment ordered for the defendants on the verdict.